IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NANCY L. LIENING**,

**Plaintiff,**

v.

**DR. WAGIH A. SATAR,**

**Defendant.**                                                                 **No. 12-120-DRH**

**ORDER**

**HERNDON, Chief Judge:**

In this Order the Court *sua sponte* raises the issue of whether it has subject matter jurisdiction over this case. See *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). Upon a threshold review, the Court observes what may be a potential jurisdictional problem. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider

jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Factual allegations of *citizenship* must be made in the pleadings, demonstrating complete diversity. See *Chi. Stadium Corp. v. State of Ind.*, 220 F.2d 797, 798-99 (7th Cir. 1955) (emphasis added).

In her complaint, plaintiff alleges that diversity is present as "[p]laintiff lives in Illinois and [d]efendant Dr. Wagih A. Satar lives in Princeton, Indiana." It is also alleged, however, that defendant is licensed to practice in Illinois and that is where the alleged malpractice occurred. While defendant does not dispute that diversity is present, federal jurisdiction cannot be conferred by consent and there are no allegations made with regard to citizenship. See *Kanzelberger*, 782 F.2d at 777 ("But since federal jurisdiction cannot be conferred by consent of the parties, if the

facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth."). The allegations made here will not suffice. See *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonymous and it is [citizenship] that matters for purposes of the diversity jurisdiction."). Clearly one can live in one state and be a citizen of another. Until plaintiff properly pleads diversity of citizenship, the Court must approach this case as if jurisdiction does not exist. Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).

The Court is not concluding that subject matter jurisdiction does not exist. However, it is currently in question, and thus not established. Accordingly, the Court strikes plaintiff's complaint and allows her up to and including May 14, 2012, to file an amended complaint properly setting forth subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2012.

Digitally signed by David R. Herndon
Date: 2012.04.25 12:44:48 -05'00'

**Chief Judge**
**United States District Court**