## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

NANCY L. LIENING,        )
                             )
      Plaintiff,          )
                             )     No. 12-cv-120-DRH-SCW
        vs.              )
                             )
DR. WAGIH A. SATAR,     )
                             )
      Defendant.     )

### JURISDICTION

Jurisdiction is pursuant to the Diversity of Citizenship, Title 28, U.S.C. Section 1332. Plaintiff is a citizen of Illinois and the Defendant Dr. Wagih A. Satar is a citizen of the State of Indiana.

### AMENDED COMPLAINT

COMES NOW the Plaintiff, Nancy L. Liening, by and through her attorneys, John J. Hopkins & Associates, P.C., and for their causes of action against Defendant, Dr. Wagih A. Satar, states as follows:

1.      That at all times herein mentioned Defendant, Dr. Wagih A. Satar, was a physician licensed to practice medicine in the State of Illinois, Richland County, Illinois; that said Defendant is a practicing physician specializing in ophthomology who holds himself out as possessing skill and competence in the field of ophthomology.

2.      That on or about April 8, 2009, Plaintiff, Nancy L. Liening, was admitted to Richland Memorial Hospital for cataract extraction and implant of the right eye.  Defendant, Dr. Wagih A. Satar, performed cataract extraction using the phaco emulsification technique with insertion of an intraocular lens using monitored anesthesia and lateral clear corneal incision.

Liening vs. Satar, et al.
Amended Complaint

3.      That during said surgery it was the duty of the Defendant,  Dr. Wagih A. Satar, to
meet the professional standard of medical care owed to the Plaintiff, Nancy L. Liening, by inserting
the proper implant.

4.      That at said time and place Defendant, Dr. Wagih A. Satar, breached said standard
of care owed to the Plaintiff, Nancy L. Liening, by negligently and carelessly inserting the wrong
implant at the time of surgery.

5.      That as a result of said negligence, carelessness and breach of the standard of care
owed to the Plaintiff by Defendant, Dr. Wagih A. Satar, the Plaintiff, Nancy L. Liening, has suffered
serious and irreparable injuries, including, but not limited to, the need for further surgery to correct
the surgery completed by the Defendant and severe pain, suffering and disability.

6.      Attached hereto are both an Affidavit of Counsel (See Exhibit A) and an
Affidavit pursuant to 735 ILCS 5/2-622 (See Exhibit B).

7.      That attached to this Complaint as Exhibit C is a certificate of merit filed pursuant
to 735 ILCS 5/2-622 and incorporated herein.

WHEREFORE, Plaintiff, Nancy L. Liening, prays for judgment against the Defendant, Dr.
Wagih A. Satar, including his agents, servants, employees, nurses and other health care providers,
in the amount in excess of one-hundred thousand dollars ($100,000.00) and costs of suit.

**Liening vs. Satar, et al.**
**Amended Complaint**

JOHN J. HOPKINS & ASSOCIATES, P.C.

John J. Hopkins (#01258192)
500 East 6th Street
P.O. Box 595
Alton, IL   62002
(618) 655-9600 Phone
(618) 655-9690 Fax
ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

NANCY L. LIENING,                          )
                                           )
      Plaintiff,                      )
                                           )      No.
          vs.                       )
                                           )
DR. WAGIH A. SATAR,                        )
                                           )
      Defendant.                      )

## AFFIDAVIT OF COUNSEL

I, John J. Hopkins, having been duly sworn, state as follows:

1.      That your affiant is the attorney for the plaintiff herein, and has filed a cause of action on behalf of said plaintiff against Defendant Dr. Wagih A. Satar.

2.      The above-referenced defendant does business in Illinois.

3.      The aforesaid cause of action seeks damages proximately caused by the negligence of Dr. Sagih A. Satar, who provided medical services for the care of the plaintiff, Nancy L. Liening.

4.      That in compliance with 735 ILCS 5/2-622, your affiant has consulted and reviewed the facts of the above styled case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action, practices in the same area of medicine that is at issue in the particular action and is qualified by experience.

5.      That the reviewing physician-consultant has determined in written reports (copies of which are attached hereto and incorporated herein by reference thereto) after review of the

Page 1 of 2



medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such action.

      6.     That your affiant has concluded on the basis of the reviewing physician's review

and consultation that there is a reasonable and meritorious cause for the filing of the instant

action.

JOHN J. HOPKINS AND ASSOCIATES

By:

John J. Hopkins #01258192
*Attorney for Plaintiffs*
500 East 6th Street
P.O. Box 595
Alton, IL 62002
(618) 655-9600
(618) 655-9690-Facsimile

SUBSCRIBED AND SWORN to before me this 7th day of Feb., 2012.

Notary Public

OFFICIAL SEAL
KELLEY I ACKER
NOTARY PUBLIC  STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/08/14

**Page 2 of 2**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NANCY L. LIENING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| DR. WAGIH A. SATAR, | ) | |
| | ) | |
| Defendant. | ) | |

### **AFFIDAVIT**

COMES NOW Affiant, John J. Hopkins, having first been duly sworn upon his oath, and

pursuant to Supreme Court Rules I hereby state the above-entitled action claims more than Fifty

Thousand Dollars ($50,000.00).

Further, Affiant sayeth not.

JOHN J. HOPKINS & ASSOCIATES, P.C.

_____

John J. Hopkins (#01258192)
500 East 6th Street
P.O. Box 595
Alton, IL   62002
(618) 655-9600 Phone
(618) 655-9690 Fax
ATTORNEYS FOR PLAINTIFF

SUBSCRIBED AND SWORN to before me, a Notary Public, on this _7th_ day of

_February_ , 2012.

_____
Notary Public

EXHIBIT
_B_

OFFICIAL SEAL
KELLEY I ACKER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/08/14

Michael A. Rosenberg, M.D.
645 North Michigan Avenue, Suite 440
Chicago, IL  60611

Re:    Nancy Liening

To Whom it May Concern:

I am a physician licensed to practice medicine in the State of Illinois.  I have practiced ophthalmology for more than thirty (30) years, including the teaching of ophthalmology to residents in training at the University of Illinois, Rush Medical College and current at Northwestern University.  By virtue of my experience and knowledge, I am thoroughly familiar with the current standard of care and the standard of care for ophthalmologists in March of 2009.

I have reviewed the material provided to me regarding Nancy Liening.  This included:

1.     Medical records of Dr. Wagih Satar; and
2.     Medical records of Richland Memorial Hospital.

Dr. Satar saw the patient on March 18, 2009 and the history form documents a history of crossed eyes (strabismus) and "lazy eye" (amblyopia).  He confirmed poor vision in the right eye and documented that it was always so.  He also documented strabismus.

Despite the fact that this eye never saw well, and therefore could never be corrected to see well, he advised and performed cataract surgery.  Even if the eye was not amblyopic, removal of the cataract would not have improved the patient's function, since she ignored (suppressed) the vision in this eye. Dr. Satar's measurement of the eye prior to surgery showed extreme astigmatism suggesting an underlying abnormality of the shape of the eye which he did not evaluate further.  Measurement also showed a very short eye, a situation in which the measurement could be very inaccurate requiring special testing techniques which he did not perform.

Following the cataract surgery Ms. Liening was dramatically near-sighted; a consequence of the inaccuracy of the measurement and Dr. Satar's failure to do everything that could have been done to make them more accurate.  As a result, Ms. Liening was left with one near-sighted eye and one far-sighted eye, an intolerable situation for a patient that had no real difficulty functioning with her original visual situation.

The records indicate multiple deviations from the accepted standard of ophthalmologic care by Dr. Wagih Satar.  In my opinion, these deviations are indefensible.  As a result of these deviations, Nancy Liening has sustained severe damage in both of her eyes, resulting in a permanent loss of functional vision.

Sincerely,

Michael Rosenberg

Michael Rosenberg, M.D.

EXHIBIT
C